UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

TERRY PHILLIPS SALES, INC., *et al.*,

                              Plaintiffs,

v.

SUNTRUST BANK, *et al.*,

                              Defendants.

Civil Action No. 3:13–CV–468

**MEMORANDUM OPINION**

THIS MATTER is before the Court a Motion to Remand filed by Plaintiffs Terry Phillips Sales, Inc. ("TPS"), Cathy Phillips, and Terry Phillips (collectively, "Plaintiffs"). (ECF No. 3). This case arises out of an Employee Stock Ownership Plan ("ESOP") created in August of 2003. Plaintiffs allege multiple claims against Defendants Suntrust Bank ("Suntrust"), Claire E. Craighill ("Craighill"), Gary N. Witthoefft ("Witthoefft"), and Kenneth E. Sigmon ("Sigmon") (collectively, "Defendants").

The Parties primarily dispute whether Defendants Craighill, Sigmon, and Witthoefft (collectively "Nondiverse Defendants") were fraudulently joined by Plaintiffs in an effort to destroy diversity jurisdiction. However, there is an unresolved issue regarding whether the Nondiverse Defendants were properly served. For the reasons stated below, the Court DIRECTS Plaintiffs to properly serve the Nondiverse Defendants in this matter FORTHWITH. The pretrial conference scheduled for November 21, 2013, (ECF No. 7), is CANCELLED.

1

I.      FACTUAL AND PROCEDURAL BACKGROUND

On April 29, 2013, Plaintiffs filed a Complaint in the Circuit Court for the City of Richmond, Virginia alleging multiple tort claims. In Count I, Plaintiffs allege a claim of actual fraud and fraud in the inducement against Suntrust and its agents, including Craighill. In Count II, Plaintiffs allege a claim of securities fraud against Suntrust and its agents, including Craighill. In Count III, Plaintiffs allege a claim of constructive fraud against Suntrust and its agents, including Craighill. In Count IV, Plaintiffs allege a claim of breach of fiduciary duty against Suntrust. In Count V, Plaintiffs allege a claim of breach of custodial trust against Suntrust. In Count VI, Plaintiffs allege a claim of conversion against Suntrust and Sigmon. In Count VII, Plaintiffs allege a claim of breach of contract against Suntrust. Finally, in Count VIII, Plaintiffs allege a claim of unjust enrichment against Suntrust.

Plaintiffs request: (a) damages in the amount to be determined by a jury, but no less than $19,500,000.00 including disgorgement of all fees, charges, commissions, profits, and interest income wrongfully obtained by Suntrust from Plaintiffs as a result of the ESOP Investment Program, plus prejudgment interest on such amount at the rate of six percent (6%) per year; (b) punitive damages in the amount of $350,000.00 on account of Suntrust's fraud, breach of fiduciary duty, and conversion; (c) post-judgment interest at the maximum rate allowed by law; (d) attorneys' fees; (e) Plaintiffs' costs incurred in connection with this action; and (f) such other relief as is just and proper.

Plaintiffs are citizens of Virginia. Plaintiffs represent that Defendants Craighill, Witthoefft, and Sigmon are each citizens of Virginia, who work or worked for Suntrust. Witthoefft reportedly works at 919 East Main Street, Richmond, Virginia. Sigmon reportedly has an office at 10 Franklin Road, Suite 230, Roanoke, Virginia. Craighill is

reportedly a registered representative who is currently employed by SBK Financial in Richmond, Virginia.[1] Defendants report that Suntrust is a citizen of Georgia, with its principal place of business in Atlanta, Georgia.

The summons and complaint were served on Suntrust on June 21, 2013. Defendants allege that Craighill, Sigmon, and Witthoefft have not been served in this action.

## II.    LEGAL BACKGROUND

"Federal courts are courts of limited jurisdiction . . . [and] possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal district courts have original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. § 1331, and in civil actions where the amount in controversy exceeds $75,000 and the matter is between citizens of different states pursuant to 28 U.S.C. § 1332. Federal diversity jurisdiction only exists under section 1332 where there is complete diversity, that is, "when no party shares common citizenship with any party on the other side." *Mayes v. Rapport*, 198 F.3d 457, 461 (4th Cir. 1999) (internal citations omitted). A defendant may remove a case from state to federal court if the federal court has original jurisdiction over the matter, but if a case is removable based solely on diversity jurisdiction, the case may not be removed if any of the defendants is a citizen of the state where the action was brought. 28 U.S.C. §§ 1441(a), (b).

The party seeking removal has the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal of a case from state court raises "significant federalism concerns," removal jurisdiction

---

[1] Defendant Suntrust asserts that it lacks sufficient information as to whether Defendants Craighill, Sigmon, and Witthoefft are citizens of Virginia. (Defs.' Ans. ¶ 3).

must be strictly construed, and "if federal jurisdiction is doubtful, a remand is necessary." *Id.* at 151. If at any time before final judgment it appears the district court lacks jurisdiction, the court must remand the case. 28 U.S.C. § 1447(c).

### III. ANALYSIS

#### A. The Parties' Arguments

Defendants represent that, to date, none of the Nondiverse Defendants have been served process. Plaintiffs assert that their failure to serve the Nondiverse Defendants is not evidence of fraudulent joinder. They assert that the Nondiverse Defendants are aware that Plaintiffs intend to pursue the relief requested. In support of this contention, Plaintiffs submit an exhibit showing that Defendants Sigmon and Witthoefft received at least some indication that they were being sued in the Circuit Court for the City of Richmond, Virginia. (Pls.' Reply, Ex. A). Plaintiffs proffer no evidence that they provided Defendant Craighill with any such notice.

#### B. Proper Service of Process and Diversity Jurisdiction

The Federal Rules of Civil Procedure apply to and govern civil actions removed to United States District Courts from state courts. Fed. R. Civ. P. 81(c). As such, Federal Rule of Civil Procedure 4(e)(1) permits service of the summons and complaint by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). A plaintiff's duty to fulfill the requirements of Rule 4(e)(1) "is not alleviated simply because the defendant has actually received the complaint." *First Assembly of God of Alexandria, Inc. v. Cathedral Design & Const., Inc.*, CIV.A. 08-1053, 2009 WL 1392541, at *3 (E.D. Va. May 15, 2009).

4

Pursuant to Virginia's "curing statute," however, "process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter." Va. Code § 8.01-288. The term "process" includes notice. Va. Code § 8.01–285. "Virginia courts have made it abundantly clear that the operation of the statute requires that the defendant have received court issued process, notwithstanding [Virginia Code] § 8.01–285." *Campbell v. Hampton Roads Bankshares, Inc.*, 925 F. Supp. 2d 800, 806 (E.D. Va. 2013) (citing *Muse Const. Gr., Inc. v. Com. Bd. for Contractors,* 733 S.E.2d 690, 697–98 (Va. Ct. App. 2012)).

While Plaintiffs have proffered some evidence that Defendants Sigmon and Witthoefft had knowledge that they were being sued in state court, Plaintiffs have not met their burden to show proper service of process of the Nondiverse Defendants. Plaintiffs do not assert that any Nondiverse Defendant received court-issued process, and so Virginia's curing statute is inapplicable. Accordingly, the Court finds that Defendants Craighill, Sigmon, and Witthoefft have not been served process.

### C. Curing Defective Process after Removal

A federal district court is authorized, in any case removed from a state court, to issue all necessary orders and process to bring before it all proper parties whether served by process issued by the state court or otherwise. 28 U.S.C. § 1447(a). Under 28 U.S.C. § 1448:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448. Under section 1448, the Court may retain jurisdiction over this action and direct Plaintiffs to re-serve the Nondiverse Defendants as permitted by Rule 4. *See Carden v. Wal-Mart Stores, Inc.*, 574 F. Supp. 2d 582, 587 (S.D. W. Va. 2008).

Pursuant to Rule 4(e)(1) and Virginia law, service of process in this matter would be timely so long as Plaintiffs serve process on the Nondiverse Defendants within twelve months of commencing this action. *See* Va. Code § 8.01–275.1. Plaintiffs' Complaint was filed in the Circuit Court for the City of Richmond, Virginia on April 29, 2013. As such, the Court finds that proper service of process is still possible.

### IV. CONCLUSION

Because none of the Nondiverse Defendants were served process and proper service of process is still possible, the Court DIRECTS Plaintiffs to serve the Nondiverse Defendants in this matter FORTHWITH pursuant to Rule 4 of the Federal Rules of Civil Procedure. The pretrial conference scheduled for November 21, 2013, (ECF No. 7), is CANCELLED.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

> _____/s/_____
> James R. Spencer
> United States District Judge

ENTERED this   14th    day of November 2013.